UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------------X
STEFAN MELVILLE AND LANCE FUNDERBURK,

                Plaintiffs,                           **COMPLAINT AND**
     -against-                                   **JURY DEMAND**

THE CITY OF NEW YORK, THE NEW YORK CITY DEPARTMENT
OF CORRECTIONS ("NYCDOC"), NEW YORK CITY DEPARTMENT OF
CORRECTIONS COMMISSIONER JOSPEH PONTE,
RIKERS ISLAND CORRECTIONAL FACILITY, ANNA M. KROSS
CENTER ("AMKC"), AMKC MEDICAL CLINIC/FACILITY, NEW YORK
CITY DEPARTMENT OF HEALTH ("NYCDOH"), CORIZON
HEALTH INCORPORATED, NEW YORK CITY DEPARTMENT
OF CORRECTIONS OFFICER "JOHN" REGALADO
(SHIELD #1423) (first name being fictitious as true first name known
to Defendants but not known to Plaintiffs) and "JOHN DOES"
AND "JANE DOES", names being fictitious intended to be
individuals, officers, employees, agents, servants, licensees, doctors,
nurses, medical clinic personnel, officers, correction officers, staff,
administrators and others employed at/with the City of New York,
the New York City Department of Corrections, Rikers Island
Correctional Facility, AMKC, AMKC Medical Clinic and/or Corizon
Health Incorporated, each individually and in their respective official
capacities/employment,

                Defendants.
------------------------------------------------------------------------------------X

        Plaintiffs STEFAN MELVILLE AND LANCE FUNDERBURK, by and through their

attorneys, DRUMMOND & SQUILLACE, PLLC, state and allege, upon information and belief,

as follows:

## INTRODUCTION

        1.    This is an action by Plaintiffs STEFAN MELVILLE AND LANCE

FUNDERBURK who, at all relevant times herein mentioned, were in/under the exclusive care,

custody and control of the Defendants as they were inmates with/in the New York City

Department of Corrections/Rikers Island Correctional Facility/AMKC Facility, seeking

compensation and damages pursuant to Title VII of the Civil Rights Act, 42 USC Section 1983; 42 U.S.C. §§ 1983, 1985, 1986, 1988; the Fourth Amendment; the Eighth Amendment, the Fourteenth Amendment; as well as for: negligence, carelessness, recklessness, gross negligence, failure to provide timely medical care; failure to provide/render proper and/or adequate medical care/treatment to Plaintiffs; failure to provide timely medical care to Plaintiffs; unlawful defective/dangerous/hazardous conditions; nuisance; trap; failure to warn of dangerous/defective/hazardous/trap/nuisance conditions; failure to maintain a safe environment free form dangerous/defective/hazardous/trap/nuisance conditions; failure to repair/fix dangerous/hazardous/defective/trap/nuisance conditions of which Defendants were aware and/or had actual/constructive knowledge of; failure to maintain a reasonably safe environment/living conditions; negligent hiring; negligent training; negligent management; negligent control; negligent supervision; failure to repair; failure to warn and/or negligent maintenance by Defendants; cruel and unusual punishment; reckless disregard for the Plaintiffs' life, safety, health and well-being; deliberate indifference to the life, safety, health and well-being of the Plaintiffs; unlawful seizure of the Plaintiffs' persons; false imprisonment, cruel and unusual punishment; wanton and outrageous conduct; conspiracy; intentional infliction of emotional distress; negligent infliction of emotional distress; failure to intercede; neglect to act; failure to stop; failure to prevent; *respondeat superior*; vicarious liability and punitive damages for the negligent, gross negligence, recklessness, reckless disregard, deliberate indifference; intentional acts, negligent acts/conduct/omissions, maliciousness, wantonness and deliberate acts, conduct, omissions and/or failure to act by the Defendants against the Plaintiffs herein from which, as a direct and proximate result of the foregoing, the Plaintiffs were caused/allowed to be injured and

2

to sustain serious personal, physical and/or emotional/psychological injuries/damages directly therefrom.

2.      The Plaintiffs further make claims herein for the serious, severe and permanent bodily injuries sustained by Plaintiffs as a direct and proximate result of the Defendants' negligence; gross negligence; carelessness; intentional acts/omissions/conduct/failures; recklessness; deliberate indifference; failure to warn; failure to maintain a safe environment free from dangerous/defective/hazardous/trap/nuisance conditions; failure to maintain safe living conditions; failure to maintain/repair/fix the ceiling of the tier area in which Plaintiffs were housed and/or traversed in a reasonably safe condition and/or in a safe condition free from danger/defect/hazard/trap/nuisance;          failure          to          repair          the defective/dangerous/hazardous/trap/nuisance ceiling in the tier area in which Plaintiffs were housed and/or traversed in despite Defendants having actual and/or constructive knowledge of said dangerous/defective/hazardous/nuisance/trap ceiling/condition of said ceiling; failure to warn of the defective/dangerous/hazardous/trap/nuisance ceiling in the tier area in which Plaintiffs were housed and/or traversed in despite Defendants having actual and/or constructive knowledge of said dangerous/defective/hazardous/nuisance/trap ceiling/condition of said ceiling; failure      to      repair/fix/maintain/correct/remedy      and/or      warn      of      the dangerous/defective/hazardous/nuisance/trap condition of the ceiling in the tier are in which Plaintiffs      were      housed      and/or      traversed      in      including,      but      not      limited      to      the dangerous/defective/hazardous/trap/nuisance cracks, falling cement, leaking water, uneven concrete/cement ceiling and/or any and all unsafe, dangerous, hazardous and/or defective conditions of said area(s)/ceiling of the cell tier area; failure to warn about/of said dangerous, unsafe,      defective      and/or      hazardous      condition(s)      of      said      area      (s);

3

creation/maintenance/exacerbation of a defective, hazardous, nuisance, trap and/or dangerous condition/environment to exist and remain; causing/allowing said defective/dangerous/hazardous/nuisance/trap in the subject ceiling of the tier in which Plaintiffs' were housed and/or in which they traversed to go unrepaired and to worsen which directly and proximately caused said ceiling to fall/collapse and to fall upon/strike Plaintiffs thereby directly and proximately causing Plaintiffs to sustain serious personal and physical injuries.

      3.    Defendants are further liable herein in that they failed to respond to the prior complaints about same defective/dangerous/hazardous/nuisance/trap ceiling and the prior requests/complaints for Defendants to fix/repair same. Defendants also unlawfully failed to provide Plaintiffs with medical care/treatment, failed to timely provide medical care to Plaintiffs and/or failed to provide proper/adequate medical care/treatment to Plaintiffs herein including, but not limited to: failing to transport/transfer Plaintiff STEFAN MELVILLE to an outside hospital/facility/emergency room/doctor/physician/medical provider and failing to properly/timely/adequately evaluate, assess and/or conduct/perform the requisite testing/diagnostic tests of both Plaintiffs especially in light of Plaintiffs being struck/hit with cement and/or concerte ceiling in/on their respective head/face/eye. That the within negligence, gross negligence, recklessness, deliberate indifference, intentional and/or negligent acts, conduct, failures and/or omissions by/of the Defendants herein were committed by each of the Defendants acting in conspiracy and concert with one another, each individually and in their respective official capacities, each under color of law and each in the scope of their employment. That the Defendants' intentional and/or negligent acts, conduct, omissions and/or failures herein were committed in/with reckless disregard and deliberate indifference to the life, safety, health, physical safety/health and well-being of Plaintiffs and in violation of Plaintiff's rights pursuant

4

to Title VII of the Civil Rights Act as well as pursuant to the Fourth, Eighth and Fourteenth Amendments of the United States Constitution.

4.     Plaintiffs     claim     damages     herein     for     the     serious physical/personal/emotional/psychological injuries they suffered including, but not limited to: striking/blow/blunt force/trauma to the head; striking/blow/blunt force/trauma to the face; bleeding; bleeding from head; bleeding from face; contusions to head; contusions to face; loss of consciousness; cuts; lacerations; bruises; contusions; swelling; headaches; pain in/to the neck; pain in/to the back; pain in/to the head; pain in/to the face; bruises/swelling on forehead, back and neck; bleeding from elbow; blurred vision; dizziness; injury/trauma to right eye and side of face; injury/trauma to above right eye; pain and suffering; mental anguish; emotional distress (intentional and negligent) and related damages/injuries incurred by and on behalf of Plaintiffs by reason of the negligence, gross negligence, recklessness, intentional acts, malice, actions, conduct, failures and/or omissions by/of the Defendants named herein and/or their agents, servants, employees, licensees, contractors, subcontractors, officers, correction officers, medical staff, medical personnel, doctors, nurses, employees and/or other affiliates, agencies, entities, individuals and/or departments. Plaintiffs also seek to recover punitive damages against the Defendants herein.

## JURISDICTION AND VENUE

5.     This Court has jurisdiction over the within action pursuant to 28 U.S.C. §1343, federal question jurisdiction. This action is brought pursuant to Title VII of the Civil Rights Act, 42 U.S.C. Sections 1983; 42 USC Sections 1985, 1986 and 1988; the Fourth, Eighth and Fourteenth Amendments to the United States Constitution; and the Constitution and the laws of the State of New York. Jurisdiction is founded upon 28 U.S.C. Sections 1331, 1343(1-4) and

2202. Plaintiffs further invoke the supplemental jurisdiction of this Court to adjudicate the within pendent state law claims pursuant to 28 U.S.C. Section 1367.

6. Venue is proper in the Eastern District of New York, pursuant to 28 U.S.C. §1391.

## NOTICE OF CLAIM

7. Plaintiffs, in furtherance of their state causes of action, timely filed a Notice of Claim against the City of New York in compliance with General Municipal Law Section 50. *Annexed hereto and made a part hereof as Exhibit "A" is a copy of Plaintiffs' Notice of Claim.*

8. That, at present time, the City of New York has failed to pay or adjust the Plaintiffs' claim and has failed to conduct a hearing of Plaintiffs pursuant to General Municipal Law Section 50; thereby waiving same.

9. This action has been commenced within one year and ninety days after the happening of the events upon which these claims arise.

## THE PARTIES

10. That on or about May 18, 2015, and continuing, and at all relevant times herein mentioned, Plaintiff STEFAN MELVILLE was an inmate in the exclusive care, custody and control of Defendants the City of New York, the New York City Department of Corrections, Rikers Island Correctional Facility, Anna M. Kross Center ("AMKC"), the AMKC Medical Clinic/Facility, New York City Department of Health, NYC Department of Corrections Commissioner Joseph Ponte, Corizon Health Incorporated and/or "John" and "Jane Does", names being fictitious intended to be individuals, officers, employees, agents, servants, licensees, doctors, nurses, medical clinic personnel, administrators and others of the NYCDOC, NYCDOH, Rikers Island Correctional Facility, AMKC, AMKC Medical Clinic, NYCDOC Commissioner

6

Ponte, and/or Corizon Health Incorporated, each individually and in their respective official capacities.

11.     That on or about May 18, 2015, and continuing, and at all relevant times herein mentioned, Plaintiff LANCE FUNDERBURK was an inmate in the exclusive care, custody and control of Defendants the City of New York, the New York City Department of Corrections, Rikers Island Correctional Facility, Anna M. Kross Center ("AMKC"), the AMKC Medical Clinic/Facility, New York City Department of Health, NYC Department of Corrections Commissioner Joseph Ponte, Corizon Health Incorporated and/or "John" and "Jane Does", names being fictitious intended to be individuals, officers, employees, agents, servants, licensees, doctors, nurses, medical clinic personnel, administrators and others of the NYCDOC, NYCDOH, Rikers Island Correctional Facility, AMKC, AMKC Medical Clinic, NYCDOC Commissioner Ponte, and/or Corizon Health Incorporated, each individually and in their respective official capacities.

12.     That on or about May 18, 2015, and at all relevant times herein mentioned, while Plaintiffs STEFAN MELVILLE and LANCE FUNDERBURK were being returned/escorted to their cell(s) by Defendant NYC DEPARTMENT OF CORRECTIONS OFFICER "JOHN" REGALADO, Badge/Shield Number #1423, first name being fictitious and true first name known to Defendants but not known to Plaintiffs, and while Plaintiffs were in the vicinity of the Quad 10 upper tier at Defendant ANNA M. KROSS CENTER, Plaintiffs were caused to sustain serious physical injuries/damages in that the Plaintiffs were caused by Defendants to be hit/struck in the head, face, eye, back, neck and were otherwise seriously injured by the dangerous/defective/trap/nuisance/hazardous condition known by Defendants to exist, created by Defendants     and/or     unrepaired     by     Defendants,     to     wit:     the

7

dangerous/defective/hazardous/trap/nuisance condition of the leaking cement/concrete ceiling that was leaking water, cracking, chipping, falling, damaged with water damage and otherwise collapsing due to same defective/dangerous/hazardous condition of which the Defendants were aware, which Defendants failed to repair and about which Defendants further failed to warn or protect Plaintiffs from same despite Defendants having actual and constructive knowledge of same. As a direct and proximate result of the foregoing, Plaintiffs STEFAN MELVILLE and LANCE FUNDERBURK sustained serious physical and personal injuries/damages including, but not limited to: striking/blow/blunt force/trauma to the head; striking/blow/blunt force/trauma to the face; bleeding; bleeding from head; bleeding from face; contusions to head; contusions to face; loss of consciousness; cuts; lacerations; bruises; contusions; swelling; headaches; pain in/to the neck; pain in/to the back; pain in/to the head; pain in/to the face; bruises/swelling on forehead, back and neck; bleeding from elbow; blurred vision; dizziness; injury/trauma to right eye and side of face; injury/trauma to above right eye; pain and suffering; mental anguish; emotional distress (intentional and negligent) and related damages/injuries incurred by and on behalf of Plaintiffs by reason of the negligence, gross negligence, recklessness, intentional acts, malice, actions, conduct, failures and/or omissions by/of the Defendants named herein and/or their agents, servants, employees, licensees, contractors, subcontractors, officers, correction officers, medical staff, medical personnel, doctors, nurses, employees and/or other affiliates, agencies, entities, individuals and/or departments.

13. That on or about May 18, 2015, and continuing, and at all relevant times herein mentioned, the Defendant the CITY OF NEW YORK was and is a municipal corporation existing by and under the laws of the State of New York.

14.     That on or about May 18, 2015, and continuing, and at all relevant times herein mentioned, the Defendant the CITY OF NEW YORK was and is a governmental subdivision of the State of New York.

15.     That on or about May 18, 2015, and continuing, and at all relevant times herein mentioned, the Defendant the CITY OF NEW YORK (hereinafter "Defendant City"), is the public employer, supervisor, manager, parent agency, governing municipality and/or affiliate agency/municipality of the Defendants the New York City Department of Corrections, Rikers Island Correctional Facility, Anna M. Kross Center (AMKC), the AMKC Medical Clinic/Facility, New York City Department Of Health, NYC Department Of Corrections Commissioner Joseph Ponte, Corizon Health Incorporated, NYC Department Of Corrections Officer "John" Regalado ( Badge/Shield #1423), first name being fictitious and true first name known to Defendants but not known to Plaintiffs, and "JOHN DOES" AND "JANE DOES", names being fictitious intended to be individuals, officers, employees, agents, servants, licensees, doctors, nurses, medical clinic personnel, administrators and others of the NYC Department of Corrections, NYC Department of Health, Corizon Health Incorporated, NYCDOC Commissioner Ponte, Rikers Island Correctional Facility, AMKC and/or AMKC Medical Clinic, each individually and in their respective official capacities.

16.     That on or about May 18, 2015, and continuing, and at all relevant times herein mentioned, Defendant, the NEW YORK CITY DEPARTMENT OF CORRECTIONS (hereinafter "Defendant DOC") is an agency, subdivision, subsidiary and/or affiliate of Defendant the City of New York, existing and operating by virtue of the laws of the State of New York and the City of New York and is the employer, supervisor, manager, affiliate, parent agency and/or agency of Defendants Rikers Island Correctional Facility, Anna M. Kross Center

(AMKC), the AMKC Medical Clinic/Facility, the NYC Department of Health, Corizon Health Incorporated, NYC Department of Corrections Commissioner Joseph Ponte, NYC Department of Corrections Officer "John" Regalado (Shield/Badge# 1423), first name being fictitious and true first name known to Defendants but not known to Plaintiffs, and "John Does" and "Jane Does", names being fictitious intended to be individuals, officers, employees, agents, servants, licensees, doctors, nurses, medical clinic personnel, administrators and others of the NYC Department of Corrections, NYC Department of Health, Corizon Health Incorporated, NYCDOC Commissioner Ponte, Rikers Island Correctional Facility, AMKC and/or AMKC Medical Clinic, each individually and in their respective official capacities.

17. That on or about May 18, 2015, and continuing, and at all relevant times herein mentioned, Defendant RIKERS ISLAND CORRECTIONAL FACILITY, (hereinafter "Defendant Rikers"), is an agency of the Defendants THE CITY OF NEW YORK and the NEW YORK CITY DEPARTMENT OF CORRECTIONS, existing and operating by virtue of the laws of the State of New York and the City of New York and is the employer, supervisor, manager, affiliate, parent agency, subsidiary and/or agency of Defendants New York City Department of Corrections Commissioner Joseph Ponte, Anna M. Kross Center (AMKC), the AMKC Medical Clinic/Facility,the New York City Department of Health, Corizon Health Incorporated, NYC Department of Corrections Officer "John" Regalado (Shield/Badge#: 1423) and/or "John" and "Jane Does", names being fictitious intended to be individuals, officers, employees, agents, servants, licensees, doctors, nurses, medical clinic personnel, administrators and others of the NYC Department of Corrections, NYC Department of Health, Corizon Health Incorporated, NYCDOC Commissioner Ponte, Rikers Island Correctional Facility, AMKC and/or AMKC Medical Clinic, each individually and in their respective official capacities.

18.    That on or about May 18, 2015, and continuing, and at all relevant times herein mentioned, Defendant ANNA M. KROSS CENTER (hereinafter "Defendant AMKC") is an agency of Defendants THE CITY OF NEW YORK, THE NEW YORK CITY DEPARTMENT OF CORRECTIONS and RIKERS ISLAND CORRECTIONAL FACILITY, existing and operating by virtue of the laws of the State of New York and the City of New York and is the employer, supervisor, manager, affiliate, subsidiary, parent agency and/or agency of Defendants New York City Department of Corrections Commissioner Joseph Ponte, the AMKC Medical Clinic/Facility, the New York City Department of Health, Corizon Health Incorporated, NYC Department of Corrections Officer "John" Regalado (Shield/Badge#: `423) and/or "John" and "Jane Does", names being fictitious intended to be individuals, officers, employees, agents, servants, licensees, doctors, nurses, medical clinic personnel, administrators and others of the NYC Department of Corrections, NYC Department of Health, Corizon Health Incorporated, NYCDOC Commissioner Ponte, Rikers Island Correctional Facility, AMKC and/or AMKC Medical Clinic, each  individually and in their respective official capacities.

19.    That on or about May 18, 2015, and continuing, and at all relevant times herein mentioned, Defendant AMKC MEDICAL CLINIC/MEDICAL FACILITY (hereinafter "AMKC Medical"), is an agency, subdivision, subsidiary, affiliate and/or department of Defendants the CITY OF NEW YORK, THE NEW YORK CITY DEPARTMENT OF CORRECTIONS, RIKERS ISLAND CORRECTIONAL FACILITY AND/OR AMKC FACILITY, existing and operating by virtue of the laws of the State of New York and the City of New York, and is the employer, supervisor, manager, affiliate, subsidiary, department, parent agency and/or agency of Defendants New York City Department of Corrections Commissioner Joseph Ponte, the New York City Department of Health, Corizon Health Incorporated, NYC Department of Corrections

Officer "John" Regalado (Shield/Badge#: `423) and/or "John" and "Jane Does", names being fictitious intended to be individuals, officers, employees, agents, servants, licensees, doctors, nurses, medical clinic personnel, administrators and others of the NYC Department of Corrections, NYC Department of Health, Corizon Health Incorporated, NYCDOC Commissioner Ponte, Rikers Island Correctional Facility, AMKC and/or AMKC Medical Clinic, each individually and in their respective official capacities.

20.    That on or about May 18, 2015, and continuing, and at all relevant times herein mentioned, Defendant the NEW YORK CITY DEPARTMENT OF HEALTH (hereinafter "Defendant NYCDOH"), is an agency, subdivision, subsidiary, agent and/or affiliate of Defendants the City of New York, the New York City Department of Corrections, Rikers Island Correctional Facility, Corizon Health Incorporated, AMKC Facility, AMKC Medical Clinic/Medical Facility, existing and operating by virtue of the laws of the State of New York and the City of New York and is the employer, supervisor, manager, affiliate, parent agency, subsidiary, agent and/or agency of Defendants the City of New York, the New York City Department of Corrections, Rikers Island Correctional Facility, Corizon Health Incorporated, AMKC Facility, AMKC Medical Clinic/Medical Facility, New York City Department of Corrections Commissioner Joseph Ponte, NYC Department of Corrections Officer "John" Regalado (Shield/Badge#: 1423) and/or "John"" and "Jane Does" and, upon information and belief, is responsible for the hiring, retaining, training, supervising, monitoring, overseeing, governing, disciplining and firing of the medical doctors, medical nurses, medical staff, medical personnel and/or medical employees employed at/with the City of New York, the New York City Department of Corrections, Rikers Island, AMKC, AMKC Medical Facility, and/or Corizon Health Incorporated and, as such, is further responsible for the providing, management,

supervision, maintenance and control of timely, adequate and proper medical care to inmates in the exclusive custody, care and control of the New York City Department of Corrections/Rikers Island Correctional Facility/AMKC including to Plaintiffs STEFAN MELVILLE and LANCE FUNDERBURK herein.

21.    That on or about May 18, 2015, and continuing, and at all relevant times herein mentioned, Defendant NEW YORK CITY DEPARTMENT OF CORRECTIONS COMMISSIONER JOSEPH PONTE (hereinafter "Defendant Ponte"), is an employee, agent, servant, licensee, contractor, officer, correction officer, Commissioner of Corrections, supervisor, manager, governing agent for/of Defendants the City of New York, DOC, Rikers, NYCDOH, Corizon Health Incorporated, AMKC, AMKC Medical, NYCDOC Officer Regalado and/or "John Does" and "Jane Does" and is the employer, supervisor, manager, governing agent, Commissioner of/for Defendants DOC, Rikers, NYCDOH, Corizon Health Incorporated, AMKC, AMKC Medical, NYCDOC Officer Regalado and/or "John Does" and "Jane Does".

22.    That for all relevant times herein mentioned, including from on or about May 18, 2015, and continuing, Defendant Ponte is being sued herein Individually and in his Official Capacity as Commissioner of the New York City Department of Corrections.

23.    That on or about May 18, 2015, and continuing, and at all relevant times herein mentioned, Defendant Ponte acted and/or failed to act within the scope of his employment, under the color of law and in concert with the other named Defendants herein.

24.    That on or about May 18, 2015, and continuing, and at all relevant times herein mentioned, Defendant CORIZON HEALTH INCORPORATED (hereinafter "Defendant Corizon"), is a domestic entity, business, company and/or corporation existing by and under and/or operating under the laws of the State of New York.

13

25.     That on or about May 18, 2015, and continuing, and at all relevant times herein mentioned, Defendant Corizon is a foreign entity, business, company and/or corporation existing by and under and/or operating under the laws of the State of New York.

26.     That on or about May 18, 2015, and continuing, and at all relevant times herein mentioned, Defendant Corizon is an agent, affiliate, subsidiary, subdivision, department, agency, independent contractor, contractor, health care/services agent, health care/services provider, medical provider, medical care/services provider, medical staffing provider, medical personnel provider, employee, servant and/or licensee of Defendants the City of New York, NYCDOH, DOC, Rikers, Ponte, AMKC, AMKC Medical, and/or "John" and "Jane" Does, and, is the employer, supervisor, manager, staffing agent, staffing provider of Defendants "John" and "Jane" Does, names being fictitious intended to be the medical doctors, physicians, nurses, medical assistants, medical staff, medical personnel, medical employees, medical contractors, medical licensees, medical independent contractors and/or medical providers of/at/for Defendants the City of New York, NYCDOH, DOC, Rikers, Ponte, AMKC, AMKC Medical, and/or Corizon Health Incorporated, each individually and in their respective official capacities.

27.     That on or about May 18, 2015, and continuing, and at all relevant times herein mentioned, Defendant NEW YORK CITY DEPARTMENT OF CORRECTIONS OFFICER "JOHN" REGALADO, SHIELD/BADGE #1423, first name being fictitious and true first name known to Defendants but not known to Plaintiffs, (hereinafter "Defendant Regalado"), is an employee, agent, servant, licensee, contractor, independent contractor, officer and/or Corrections Officer for/of Defendants the City, DOC, Ponte, Rikers, and AMKC.

28.     That on or about May 18, 2015 and continuing, and at all relevant times herein mentioned, Defendant Regalado was assigned to, on duty at and/or employed at/with the

14

Defendants' AMKC facility where Plaintiffs were housed and/or traversed in on or about May 18, 2015 and continuing, and, in particular, at/in/with the area/location/vicinity of the AMKC Quad 10 upper tier and, on May 18, 2015 and at all relevant times herein mentioned, was returning/escorting Plaintiffs back to their cells in Quad 10 upper tier.

29.     That on May 18, 2015 and continuing, and at all relevant times herein mentioned, Defendant Regalado, as a New York City Department of Corrections Officer, was responsible for the supervision, management, governance, overseeing, maintenance, monitoring and/or control of the AMKC housing facility and, in particular, of the AMKC Quad upper tier and the inmates such as Plaintiffs who were housed there and/or traversed there, as well as of the other New York City Department of Corrections Officers assigned and on duty at/in AMKC.

30.     That on or about May 18, 2015 and continuing, and at all relevant times herein mentioned, Defendant Regalado, as a DOC Corrections Officer, had a duty to obtain, seek, transport, escort and/or request medical care/treatment/attention for inmates such as Plaintiffs when he knew such inmates to be ill, sick, infirmed and/or injured as he so knew and witnessed, in the within matter, that the Plaintiffs on or about May 18, 2015, were struck in the head, face, eye, back and neck with the defective/hazardous/trap/nuisance/dangerous falling and collapsing ceiling cement/concrete and water in same AMKC Quad 10 upper tier and that, as a direct result from same, were seriously injured from/by same and required immediate medical care/attention.

31.     That on or about May 18, 2015, and continuing, at all relevant times herein mentioned, the Defendants, including, but not limited to, Defendants Ponte, Regalado and "John Does" and "Jane Does", each individually and collectively, had a duty not to hinder/prevent/obstruct Plaintiffs herein from being brought to the AMKC Medical Clinic from receiving the proper, timely and adequate medical care, attention and treatment they requested

15

and required having been struck/hit with dangerous falling and collapsing ceiling cement/concrete in said housing tier.

32.     That on or about May 18, 2015 and continuing, and at all relevant times herein mentioned, the Defendants, including, but not limited to, Defendants Ponte, Regalado and "John Does" and "Jane Does", each individually and collectively, being assigned to and/or employed at/with the Defendants' AMKC facility as a New York City Department of Corrections Officer, and being responsible for the supervision, management, governance, overseeing, maintenance, monitoring and/or control of the AMKC housing facility and, in particular, of the housing area in which Plaintiffs are housed within the AMKC housing facility, of the other New York City Department of Corrections Officers assigned and on duty at/in AMKC, were under a duty to protect the life, safety, health and well-being of the Plaintiffs herein including, but not limited to, being under a duty to ensure that the Plaintiffs receive the proper, timely and adequate medical care, treatment and attention after Plaintiffs were injured by, in and on Defendants' premises/property/housing area/tier while Plaintiffs, as inmates, were in the exclusive care, custody and control of the Defendants herein.

33.     That on or about May 18, 2015 and continuing, and at all relevant times herein mentioned, the Defendants, including, but not limited to, Defendants Ponte, Regalado and "John Does" and "Jane Does", each individually and collectively, were under a duty not to obstruct, hinder, prevent, deny, refuse to provide, untimely provide, inadequately provide, refuse to request, untimely request and/or fail to provide the Plaintiffs herein with the proper, timely and adequate medical care, treatment and attention and/or was otherwise under a duty not to place Plaintiffs' lives, safety, physical safety, physical health, well being and health in danger; was under a duty not to act with reckless disregard for Plaintiffs' lives, safety, physical safety,

16

physical health, well being and health, and, was under a duty not to act with deliberate indifference to Plaintiffs' lives, safety, physical safety, physical health, well being, health, illness and/or injury.

34.     That on or about May 18, 2015 and continuing, and at all relevant times herein mentioned, despite owing these duties to Plaintiffs, all of the Defendants, including, but not limited to, Defendants Ponte, Regalado and "John Does" and "Jane Does", each individually and collectively, obstructed, hindered, prevented, denied, refused to provide, untimely provided, inadequately provided, improperly provided and/or failed to provide the proper, timely and/or adequate medical care/treatment/attention to Plaintiffs and/or failed/refused to and/or denied to provide Plaintiffs the access to such timely, proper and/or adequate medical care, treatment and/or attention.

35.     That on or about May 18, 2015 and continuing, and at all relevant times herein mentioned, all of the Defendants, including, but not limited to, Defendants Ponte, Regalado and "John Does" and "Jane Does", each individually and collectively, obstructed, hindered, prevented, denied, refused to provide, untimely provided, inadequately provided, improperly provided and/or failed to provide the proper, timely and/or adequate medical care/treatment/attention to Plaintiffs and/or failed/refused to and/or denied to provide Plaintiffs the access to such timely, proper and/or adequate medical care, treatment and/or attention; failed to transport/transfer the Plaintiffs, despite knowing that Plaintiffs were seriously injured and needed immediate medical attention/treatment after being struck/hit in their head, neck, face, eye and back by falling cement/concrete ceiling and water from the ceiling in Quad 10 upper tier in AMKC and despite knowing that as a result of same, Plaintiffs were caused to suffer and sustain serious physical and personal injuries/damages including, but not limited to: striking/blow/blunt

force/trauma to the head; striking/blow/blunt force/trauma to the face; bleeding; bleeding from head; bleeding from face; contusions to head; contusions to face; loss of consciousness; cuts; lacerations; bruises; contusions; swelling; headaches; pain in/to the neck; pain in/to the back; pain in/to the head; pain in/to the face; bruises/swelling on forehead, back and neck; bleeding from elbow; blurred vision; dizziness; injury/trauma to right eye and side of face; injury/trauma to above right eye; pain and suffering; mental anguish; emotional distress (intentional and negligent) and related damages/injuries.

36.     That on or about May 18, 2015, and continuing, and at all relevant times herein mentioned, the Defendants, including Defendant Regalado and the "John Does" and "Jane Does", as the employees, agents, servants, licensees, contractors, independent contractors, officers, corrections officers, medical staff, medical personnel, medical employees/agents/licensees/independent contractors, doctors, nurses for/of Defendants the City, DOC, NYCDOH, Corizon, Rikers, AMKC, AMKC Medical and Ponte, acted and/or failed to act within the scope of his/her/their employment, under the color of state law and in concert with one another herein.

37.     That on or about May 18, 2015, and continuing, and at all relevant times herein mentioned, Defendants Regalado and "John Does" and "Jane Does", as the employees, agents, servants, licensees, contractors, independent contractors, officers, corrections officers medical staff, medical personnel, medical employees/agents/licensees/independent contractors, doctors, nurses for/of Defendants the City, DOC, NYCDOH, Corizon, Ponte, Rikers, AMKC and AMKC Medical, are being sued herein Individually and in his/her/their official capacities as employees, agents, servants, licensees, contractors, independent contractors, officers, corrections officers medical staff, medical personnel, medical employees/agents/licensees/independent contractors,

doctors, nurses for/of Defendants the City, DOC, NYCDOH, Corizon, Ponte, Rikers, AMKC and AMKC Medical.

38.     That on or about May 18, 2015, and at all relevant times herein mentioned, while Defendant Regalado was assigned to, on duty at and/or employed at/with the Defendants' AMKC housing facility and, in particular, at/in the housing area/housing tier in which Plaintiffs are housed within the AMKC housing facility, to wit: Quad 10 upper tier, and while Defendant Regalado was returning/escorting Plaintiffs back to their cells in said housing tier at and around 8:40 PM, Plaintiffs were struck/hit in the head, face, eye, neck and back with collapsing/falling ceiling, ceiling cement, ceiling concrete and water that fell and struck them from the dangerous and defective/hazardous/trap/nuisance water damaged ceiling in same tier that was falling, cracking, chipping and collapsing due to same water damage and leaking ceiling of which the Defendants were aware but about which the Defendants failed to remedy, correct, repair or fix; thereby directly and proximately causing Plaintiffs to sustain and suffer serious personal and physical injuries including, but not limited to: striking/blow/blunt force/trauma to the head; striking/blow/blunt force/trauma to the face; bleeding; bleeding from head; bleeding from face; contusions to head; contusions to face; loss of consciousness; cuts; lacerations; bruises; contusions; swelling; headaches; pain in/to the neck; pain in/to the back; pain in/to the head; pain in/to the face; bruises/swelling on forehead, back and neck; bleeding from elbow; blurred vision; dizziness; injury/trauma to right eye and side of face; injury/trauma to above right eye; pain and suffering; mental anguish; emotional distress (intentional and negligent) and related damages/injuries.

39.     That on or about May 18, 2015, and at all relevant times herein mentioned, Defendant Regalado was under a duty not to place Plaintiffs' lives, safety and health in danger,

not to act with reckless disregard for Plaintiffs' lives, safety and health and not to act with deliberate indifference to Plaintiffs' lives, safety, health, medical conditions, illness and/or injury. That despite owing these duties to Plaintiffs herein, and despite knowing and witnessing the Plaintiffs being seriously injured from being struck/hit with/by the falling/collapsing ceiling, ceiling cement, ceiling concrete and water, and despite owing Plaintiffs a duty to seek/request/obtain/provide Plaintiffs with proper/timely/adequate medical care, Defendant Regalado and "John Does" and "Jane Does" intentionally left Plaintiffs lying seriously injured on the tier floor for hours and failed to call/request/seek/provide or obtain immediate/timely/proper or adequate medical care/treatment/attention for the Plaintiffs.

40.     That on or about May 18, 2015, and continuing, and at all relevant times herein mentioned, all of the Defendants were under a duty: to protect the life, safety, health, physical health, physical safety and well-being of the Plaintiffs and not to endanger same; to provide Plaintiffs who were, at all relevant times herein mentioned, under the Defendants' exclusive care, custody and control with a reasonably safe environment/living conditions that are free from hazards/traps/nuisances/defective conditions/dangerous conditions; to warn Plaintiffs of any such hazards/traps/nuisances/defective conditions/dangerous conditions; to repair/fix/remedy any such hazards/traps/nuisances/defective conditions/dangerous conditions; and were under a duty to provide/seek/obtain/request the timely/adequate/proper medical care/treatment to Plaintiffs whom Defendants knew to be seriously and physically injured from as a direct result of the dangerous/defective/trap/nuisance/hazardous condition of the leaking/falling/collapsing ceiling/ceiling cement/ceiling concrete from the known water damage/leaks in said ceiling that the Defendants' intentional and/or negligent acts, conduct, failures and/or omissions caused to fall/collapse and strike/hit Plaintiffs; thereby seriously injuring the Plaintiffs herein.

41.     That despite owing the foregoing duties to Plaintiffs, and despite having actual

and constructive knowledge of said defective/dangerous/trap/nuisance/hazardous condition of the

leaking/falling/collapsing ceiling/ceiling cement/ceiling concrete, the Defendants breached the

duties owed to Plaintiffs by failing to repair/fix same, by failing to remedy same, by failing to

properly maintain and/or prevent same and by failing to warn of same thereby directly and

proximately causing Plaintiffs to suffer and sustain serious personal and physical injuries herein

including, but not limited to: striking/blow/blunt force/trauma to the head; striking/blow/blunt

force/trauma to the face; bleeding; bleeding from head; bleeding from face; contusions to head;

contusions to face; loss of consciousness; cuts; lacerations; bruises; contusions; swelling;

headaches; pain in/to the neck; pain in/to the back; pain in/to the head; pain in/to the face;

bruises/swelling on forehead, back and neck; bleeding from elbow; blurred vision; dizziness;

injury/trauma to right eye and side of face; injury/trauma to above right eye; pain and suffering;

mental anguish; emotional distress (intentional and negligent) and related damages/injuries.

42.     That on or about May 18, 2015, and continuing, and at all relevant times herein

mentioned, all of the Defendants were under a duty not to obstruct, hinder, prevent, deny, refuse

to provide and/or fail to provide the Plaintiffs herein with the proper, timely and adequate

medical care, treatment and attention and/or were otherwise under a duty not to place Plaintiffs'

lives, safety, physical health, physical safety and health in danger, not to act with reckless

disregard for Plaintiffs' lives, safety, physical health, physical safety and health, and, not to act

with deliberate indifference to Plaintiffs' lives, safety, physical health, physical safety, health,

medical conditions, illness and/or injuries.

43.     That on May 18, 2015 and continuing, and at all relevant times herein mentioned,

the Defendants breached the foregoing duties by obstructing, hindering, preventing, denying,

refusing to provide and/or failing to provide the Plaintiffs herein with the proper, timely and adequate medical care, treatment and attention including, but not limited to by intentionally leaving Plaintiffs to lie on the floor for hours, and/or, by placing Plaintiffs' lives, safety, physical health, physical safety and health in danger, by acting with reckless disregard for Plaintiffs' lives, safety, physical health, physical safety and health, and, by acting with deliberate indifference to Plaintiffs' lives, safety, physical health, physical safety, health, medical conditions, illness and/or injuries herein.

44. That on or about May 18, 2015 and continuing, and at all relevant times herein mentioned, all of the Defendants further breached the duties owed to Plaintiffs who, as inmates, were in the exclusive care, custody and control of the Defendants and who could not avail themselves to access to timely, proper/adequate medical care and treatment, by failing to provide Plaintiffs access to such medical care, treatment and/or attention outside of AMKC, outside of AMKC Medical, outside of Rikers Island, outside of the NYCDOH, outside of DOC and/or outside of Corizon, and, by failing to provide Plaintiffs with access to an outside doctor, hospital, medical facility, medical personnel, emergency room and/or medical provider despite knowing that Plaintiffs became seriously injured after being struck/hit in their head, face, eye, neck and back by falling ceiling cement/concrete and water from the Defendants' water damaged, leaking, falling, collapsing, dangerous, trap, nuisance, hazardous and defective ceiling thereby causing Plaintiffs to sustain serious personal and physical injuries that required immediate, timely, proper, adequate and/or emergency medical care and treatment which Defendants refused/failed/denied to provide to Plaintiffs herein.

45. That on or about May 18, 2015 and continuing, and at all relevant times herein mentioned, all of the Defendants acted and/or failed to act within the scope of his/her/their

22

employment, under the color of state law and in concert with one another in violation of Plaintiffs' rights herein.

46. That on or about May 18, 2015, and continuing, and at all relevant times herein mentioned, Defendants "JOHN DOES" and "JANE DOES"( hereinafter "John Does" and "Jane Does") names being fictitious intended to be employees, agents, servants, licensees, contractors, independent contractors, officers, corrections officers, medical staff, medical personnel, medical employees/agents/licensees/independent contractors, doctors, nurses for/of Defendants the City, DOC, NYCDOH, Corizon, Ponte, Rikers, AMKC and AMKC Medical, are being sued herein individually and in their respective official capacities as they unlawfully denied, delayed, prevented, obstructed and/or failed to provide proper/adequate/timely medical care/assistance/treatment to Plaintiffs and further failed to provide Plaintiffs, who were at all relevant times herein mentioned under the Defendants' exclusive care, custody and control, with a reasonably safe environment/living conditions that are free from hazards/traps/nuisances/defective conditions/dangerous conditions; failed to warn Plaintiffs of any such hazards/traps/nuisances/defective conditions/dangerous conditions; failed to repair/fix/remedy any such hazards/traps/nuisances/defective conditions/dangerous conditions, and, failed to provide/seek/obtain/request the timely/adequate/proper medical care/treatment to Plaintiffs whom Defendants knew to be seriously and physically injured from as a direct result of the dangerous/defective/trap/nuisance/hazardous condition of the leaking/falling/collapsing ceiling/ceiling cement/ceiling concrete from the known water damage/leaks in said ceiling that the Defendants' intentional and/or negligent acts, conduct, failures and omissions caused to fall/collapse and strike/hit Plaintiffs thereby seriously injuring the Plaintiffs herein.

47. That on or about May 18, 2015 and continuing, and at all relevant times herein mentioned, Defendants "JOHN DOES" and "JANE DOES" further breached the duties owed to Plaintiffs herein by obstructing, hindering, preventing, denying, refusing to provide and/or failing to provide the Plaintiffs herein with the proper, timely and adequate medical care, treatment and attention; by placing Plaintiffs' lives, safety, physical health, physical safety and health in danger; by acting with reckless disregard for Plaintiffs' lives, safety, physical health, physical safety and health, and, by acting with deliberate indifference to Plaintiffs' lives, safety, physical health, physical safety, health, medical conditions, illness and/or injuries herein including, but not limited to: intentionally leaving Plaintiffs to lie on the floor of the tier for hours while being seriously and physically injured and without medical care/treatment/attention therefor.

48. That on or about May 18, 2015 and continuing, and at all relevant times herein mentioned, Defendants "JOHN DOES" and "JANE DOES" further unlawfully failed to provide Plaintiffs access to such medical care, treatment and/or attention outside of AMKC Medical, outside of AMKC, outside of Rikers Island, outside of DOC, outside of NYCDOH and/or outside of Corizon including, but not limited to: access to an outside hospital, emergency room, doctor, facility, medical provider despite knowing that Plaintiffs became seriously injured after being struck/hit in their head, face, eye, neck and back by falling/collapsing ceiling concrete/cement and water from the Defendants' ceiling that was leaking water, damaged, water damaged, dangerous, trap, nuisance, hazardous, falling, collapsing, and/or defective but was left unrepaired by Defendants; thereby directly and proximately causing Plaintiffs to suffer and sustain serious personal and physical injuries including, but not limited to: striking/blow/blunt force/trauma to the head; striking/blow/blunt force/trauma to the face; bleeding; bleeding from

head; bleeding from face; contusions to head; contusions to face; loss of consciousness; cuts; lacerations; bruises; contusions; swelling; headaches; pain in/to the neck; pain in/to the back; pain in/to the head; pain in/to the face; bruises/swelling on forehead, back and neck; bleeding from elbow; blurred vision; dizziness; injury/trauma to right eye and side of face; injury/trauma to above right eye; pain and suffering; mental anguish; emotional distress (intentional and negligent) and related damages/injuries.

49.    That on or about May 18, 2015, and continuing, and at all relevant times herein mentioned, Defendants "JOHN DOES" and "JANE DOES", are being sued herein individually and in their respective official capacities.

50.    That as a direct and proximate result of the foregoing intentional and/or negligent acts, conduct, omissions and/or failure of/by Defendants "JOHN DOES" and "JANE DOES" against Plaintiffs, Plaintiffs were caused to sustain and suffer serious personal bodily injuries including, but not limited to: striking/blow/blunt force/trauma to the head; striking/blow/blunt force/trauma to the face; bleeding; bleeding from head; bleeding from face; contusions to head; contusions to face; loss of consciousness; cuts; lacerations; bruises; contusions; swelling; headaches; pain in/to the neck; pain in/to the back; pain in/to the head; pain in/to the face; bruises/swelling on forehead, back and neck; bleeding from elbow; blurred vision; dizziness; injury/trauma to right eye and side of face; injury/trauma to above right eye; pain and suffering; mental anguish; emotional distress (intentional and negligent) and related damages/injuries.

51.    That on or about May 18, 2015 and continuing, and at all relevant times herein mentioned, the Defendants' negligent, grossly negligent, intentional, reckless, careless, malicious, wanton and unlawful acts, conduct, failures, reckless disregard for and/or deliberate indifference to the lives, safety, health, well- being of Plaintiffs, by: failing to maintain the

25

ceiling of the tier area in a reasonably safe condition; by failing to repair/remedy/correct/properly maintain/fix its cracks, damage, water damage, leaks, leaking water, falling ceiling, collapsing ceiling, falling ceiling cement, falling ceiling concrete, uneven concrete/cement ceiling and/or any and all unsafe, hazardous, trap, nuisance, dangerous and/or defective conditions of said ceiling/ceiling area of the Plaintiffs' cell tier area; failing to warn about/of said dangerous, unsafe, trap, nuisance, defective and/or hazardous conditions on/of/in said ceiling/ceiling area; failing to provide medical care/treatment; failing to timely provide medical care and/or failing to provide proper/adequate medical care/treatment committed by and/or caused to be committed by the within named Defendants in their individual and official capacities, and by intentionally, maliciously, recklessly, negligently and with deliberate indifference to human life and each acting in concert with the other and each acting under the color of law leaving Plaintiffs seriously injured to lay injured and without medical care on the floor of the tier for hours, directly and proximately caused Plaintiffs to suffer and sustain serious personal bodily injuries including, but not limited to: striking/blow/blunt force/trauma to the head; striking/blow/blunt force/trauma to the face; bleeding; bleeding from head; bleeding from face; contusions to head; contusions to face; loss of consciousness; cuts; lacerations; bruises; contusions; swelling; headaches; pain in/to the neck; pain in/to the back; pain in/to the head; pain in/to the face; bruises/swelling on forehead, back and neck; bleeding from elbow; blurred vision; dizziness; injury/trauma to right eye and side of face; injury/trauma to above right eye; pain and suffering; mental anguish; emotional distress (intentional and negligent) and related damages/injuries.

52.     In addition to the facts alleged in the foregoing paragraphs and following paragraphs, the individually named defendants herein in the following subparagraphs are all sued in their individual and official capacities; all acted under color of law and within the scope of

their employment, to wit: under color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York and/or the City of New York:

    a. Defendant, New York City Department of Corrections Officer "John" Regalado, Shield #1423, was, at all relevant times, a Corrections Officer of/in the New York City Department of Corrections;

    b. Defendants, "John Does" and "Jane Does", same names being fictitious and intended to be individuals, officers, correction officers, employees, agents, servants, licensees, doctors, nurses, medical clinic personnel, medical staff, medical personnel, contractors, independent contractors, administrators and others of Defendants the City, DOC, NYCDOH, Corizon, Ponte, Rikers, AMKC and AMKC Medical.

53. That on or about May 18, 2015 and continuing, and at all relevant times herein mentioned, Defendant, the City of New York, owned, managed, controlled, maintained, operated, governed, employed and/or supervised Defendants DOC, Ponte, NYCDOH, Rikers Island, AMKC, AMKC Medical Clinic/Facility, Corizon, Regalado and "John Does" and "Jane Does".

54. That the actions, conduct, failures and/or omissions of all individual Defendants were performed under color of law and within the scope of their employment and authority, and for those acts the Defendants the City of New York, DOC, NYCDOH, Ponte, Rikers Island, AMKC, AMKC Medical Clinic/Facility and Corizon are liable under the doctrine of *respondeat superior*.

55.     That the actions/conduct/omissions of all Defendants herein were deliberate, deliberately indifferent, intentional, negligent, grossly negligent, reckless, careless, and/or wanton.

56.     The actions of all of the Defendants violated Plaintiffs' clearly established rights under the Fourth, Eighth and Fourteenth Amendments of the Constitution of the United States of America, are in violation of the Constitution and the laws of the State of New York and were the direct and proximate cause of the physical and/or psychological injuries suffered by the Plaintiffs herein.

57.     That the actions of all of the Defendants were negligent, reckless, malicious, intentional, malicious, reckless, wanton and egregious, giving rise to punitive damages as against all Defendants with the exception of the municipality.

## FACTUAL AND GENERAL ALLEGATIONS

58.     That Plaintiffs repeat, re-allege, reassert and reiterate each and every allegation and fact contained in paragraphs of the Complaint numbered "1" to "57" with the same force and effect as if more fully set forth at length herein.

59.     That on or about May 18, 2015, and continuing, and at all relevant times herein mentioned, Plaintiff STEFAN MELVILLE was an inmate in the exclusive care, custody and control of Defendants the City of New York, the New York City Department of Corrections, Rikers Island Correctional Facility, Anna M. Kross Center ("AMKC"), the AMKC Medical Clinic/Facility, New York City Department of Health, NYC Department of Corrections Commissioner Joseph Ponte, Corizon Health Incorporated and/or "John" and "Jane Does", names being fictitious intended to be individuals, officers, employees, agents, servants, licensees, doctors, nurses, medical clinic personnel, administrators and others of the NYCDOC, NYCDOH,

Rikers Island Correctional Facility, AMKC, AMKC Medical Clinic, NYCDOC Commissioner Ponte, and/or Corizon Health Incorporated, each individually and in their respective official capacities.

60. That on or about May 18, 2015, and continuing, and at all relevant times herein mentioned, Plaintiff LANCE FUNDERBURK was an inmate in the exclusive care, custody and control of Defendants the City of New York, the New York City Department of Corrections, Rikers Island Correctional Facility, Anna M. Kross Center ("AMKC"), the AMKC Medical Clinic/Facility, New York City Department of Health, NYC Department of Corrections Commissioner Joseph Ponte, Corizon Health Incorporated and/or "John" and "Jane Does", names being fictitious intended to be individuals, officers, employees, agents, servants, licensees, doctors, nurses, medical clinic personnel, administrators and others of the NYCDOC, NYCDOH, Rikers Island Correctional Facility, AMKC, AMKC Medical Clinic, NYCDOC Commissioner Ponte, and/or Corizon Health Incorporated, each individually and in their respective official capacities.

61. That on or about May 18, 2015, and at all relevant times herein mentioned, while Plaintiffs STEFAN MELVILLE and LANCE FUNDERBURK were being returned/escorted to their cell(s) by Defendant NYC DEPARTMENT OF CORRECTIONS OFFICER "JOHN" REGALADO, Badge/Shield Number #1423, first name being fictitious and true first name known to Defendants but not known to Plaintiffs, and while Plaintiffs were in the vicinity of the Quad 10 upper tier at Defendant ANNA M. KROSS CENTER, Plaintiffs were caused to sustain serious physical injuries/damages in that the Plaintiffs were caused by Defendants to be hit/struck in the head, face, eye, back, neck and were otherwise seriously injured by the dangerous/defective/trap/nuisance/hazardous condition known by Defendants to exist, created by

29

Defendants and/or unrepaired by Defendants, to wit: the dangerous/defective/hazardous/trap/nuisance condition of the leaking cement/concrete ceiling that was leaking water, cracking, chipping, falling, damaged with water damage and otherwise collapsing due to same defective/dangerous/hazardous condition of which the Defendants were aware, which Defendants failed to repair and about which Defendants further failed to warn or protect Plaintiffs from same despite Defendants having actual and constructive knowledge of same. As a direct and proximate result of the foregoing, Plaintiffs STEFAN MELVILLE and LANCE FUNDERBURK sustained serious physical and personal injuries/damages including, but not limited to: striking/blow/blunt force/trauma to the head; striking/blow/blunt force/trauma to the face; bleeding; bleeding from head; bleeding from face; contusions to head; contusions to face; loss of consciousness; cuts; lacerations; bruises; contusions; swelling; headaches; pain in/to the neck; pain in/to the back; pain in/to the head; pain in/to the face; bruises/swelling on forehead, back and neck; bleeding from elbow; blurred vision; dizziness; injury/trauma to right eye and side of face; injury/trauma to above right eye; pain and suffering; mental anguish; emotional distress (intentional and negligent) and related damages/injuries incurred by and on behalf of Plaintiffs by reason of the negligence, gross negligence, recklessness, intentional acts, malice, actions, conduct, failures and/or omissions by/of the Defendants named herein and/or their agents, servants, employees, licensees, contractors, subcontractors, officers, correction officers, medical staff, medical personnel, doctors, nurses, employees and/or other affiliates, agencies, entities, individuals and/or departments.

62.     That on or about May 18, 2015, and at all relevant times herein mentioned, while Defendant Regalado was assigned to, on duty at and/or employed at/with the Defendants' AMKC housing facility and, in particular, at/in the housing area/housing tier in which Plaintiffs